NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LAURENCE PARIS and INTERPHARM DEVELOPMENT, S.A., | : : : : | |
| Plaintiffs, | : : | Civil No. 02-1044 (AET) |
| v. | : : | **MEMORANDUM & ORDER** |
| R.P. SCHERER CORP., et. al., | : : | |
| Defendants. | : : | |

THOMPSON, U.S.D.J.

  This matter comes before the Court on Plaintiffs' Appeal from Magistrate Judge Hughes's March 8, 2006 Order striking portions of Plaintiffs' Supplemental Expert Opinion. The Court has decided this appeal pursuant to Fed. R. Civ. P. 72(a) and Local Civil Rule 72.1(c) after considering the parties' written submissions. For the reasons stated below, the Court will affirm Magistrate Judge Hughes's March 8, 2006 Order.

  On August 18, 2005, this Court issued a ruling pursuant to Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995). In its Markman ruling, this Court determined that the term "gelling agent" in the context of the patent at issue ("the '205 Patent") meant "a substance which forms a continuous, three-dimensional network of the substance throughout the composition." Subsequently, on February 1, 2006, Plaintiffs submitted a supplemented expert report by Dr. Ziegler pursuant to Fed. R. Civ. P. 26(e). The supplemented export report contained additional analysis performed by Dr. Ziegler in light of the Markman ruling.

Specifically, Dr. Ziegler examined Defendants' capsules to offer an opinion as to whether those capsules contained ingredients that act as a gelling agent as defined by the Court in its Markman ruling.

In his March 8, 2006 Order, Judge Hughes noted that Plaintiffs had previously filed a motion for leave to supplement its expert report, and that this motion was denied by his earlier Order dated January 31, 2006. Plaintiffs, however, were permitted to submit supplemental information pursuant to Fed. R. Civ. P. 26(a)(2)(c) and 26(e)(1), and they did so by submitting their expert's supplemented report. After reviewing the supplemented report, Judge Hughes found that the report's information regarding new testing was not properly submitted under Fed. R. Civ. P. 26(a)(2)(c) and 26(e)(1) as Plaintiffs had failed to timely disclose the new testing and failed to show good cause to modify the case's "long existing" Rule 16 Order. Judge Hughes concluded that Defendants would be prejudiced if Plaintiffs were permitted to include this information "at this late date (the eve of the Final Pretrial Order and Trial)." As a result, Judge Hughes struck the portions of Dr. Ziegler's supplemented report detailing new tests performed after the Markman ruling. Judge Hughes, however, allowed other portions of the supplemented report to remain, including citations to new sources, and references to the Court's construction of the term "gelling agent" from its Markman ruling.

In non-dispositive pretrial matters, a district court may only "reconsider [a] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also United Steelworkers of Am. v. N.J. Zinc Co., 828 F.2d 1001, 1005 n.2 (3d Cir. 1987). This is the same standard of review set out by Fed. R. Civ. P. 72(a) ("The district judge . . . shall modify or set aside any portion of the magistrate judge's order

found to be clearly erroneous or contrary to law."). Under this standard, the district court "is bound by the clearly erroneous rule in findings of facts . . . [and applies] plenary review as to matters of law." Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994). A magistrate judge's ruling is clearly erroneous "when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." S. Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd, 993 F.2d 878 (3d Cir. 1993). Under the "clearly erroneous standard of review," the "magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently." Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).

Plaintiffs contend that Judge Hughes made an error of law by misapplying Fed. R. Civ. P. 26(a)(2)(c) and 26(e)(1) because their supplement was timely and appropriate in light of the Markman ruling. They argue that Judge Hughes abused his discretion by failing to weigh and consider the factors outlined in Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel, 777 F.2d 113 (3d Cir. 1985), when he excluded portions of the supplemented report as a discovery sanction. See Quinn v. Consol. Freightways Corp. of Del., 283 F.3d 572, 576-77 (3d Cir. 2002) (citing Meyers, 559 F.2d at 904-05).

Under Rule 26(a)(2)(c), disclosures of expert opinions must be made within certain time limitations. Fed. R. Civ. P. 26(a)(2)(c). These disclosures must be supplemented under Rule 26(e)(1) when a party "learns that in some material respect the information disclosed is

incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

The Court finds a review of the hearing transcripts related to Judge Hughes's March 8, 2006 Order informative. (DeBruicker Aff., Exs. B & E.) Those transcripts show that Judge Hughes intended to allow Plaintiffs to supplement their expert report only under the standard stated in Fed. R. Civ. P. 26(e)(1). Namely, Plaintiffs were permitted to supplement their expert report to the extent that the report contained incomplete or incorrect information, but they could not interject new data or evidence. During the February 17, 2006 hearing before Judge Hughes, Plaintiffs argued that the timely disclosure of Dr. Ziegler's testing methodology equated to disclosure of subsequent new tests using the disclosed testing methodology. (DeBruicker Aff., Ex. E at 18-20.) This argument is unpersuasive now before this Court as it was earlier before Judge Hughes. The Court will affirm Judge Hughes's interpretation and application of Fed. R. Civ. P. 26(a)(2)(c) and 26(e)(1).

Fed. R. Civ. P. 37(c) prevents a party from using as evidence any information not properly disclosed under Fed. R. Civ. P. 26(a) and (e)(1), unless the failure to disclose is harmless. When determining whether to exclude evidence at trial as a discovery sanction, a court must also consider the factors outlined in Meyers, such as the importance of the excluded evidence, as well as the following: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases of the court, and (4) bad faith or wilfulness in

failing to comply with the . . . court's order." Quinn, 283 F.3d at 576-77 (citing Meyers, 559 F.2d at 904-05).

Judge Hughes invited argument on the Meyers factors at the February 17, 2006 hearing. (DeBruicker Aff., Ex. E at 31-32.) Plaintiffs put forth a similar argument to the one advanced in their brief, arguing that any prejudice could be neutralized by giving Defendants additional time to develop an expert report to address Dr. Ziegler's new tests. Defendants, on the other hand, expressed concern over the delay that would be caused if the new tests were not excluded, and emphasized the amount of time that had already elapsed, the long past due discovery deadlines, and the imminence of the trial. Judge Hughes noted during the hearing that because neither party had tested the capsules at issue, the parties would be on a level playing field if Plaintiffs could not bring evidence of their new tests. (DeBruicker Aff., Ex. E at 21.) Judge Hughes also expressed concern regarding the possibility of "testing ad infinitum." (DeBruicker Aff., Ex. E at 32.) Finally, Judge Hughes indicated in his March 8, 2006 Order that the prejudice to Defendants justified exclusion of the new testing data in Plaintiffs' expert report. Based on the foregoing, the Court finds that Judge Hughes fully considered the Meyers factors, and did not make a clearly erroneous ruling. Therefore, the Court upholds Judge Hughes's March 8, 2006 Order in its entirety.

For the foregoing reasons, and for good cause shown,

It is on this 26th day of July, 2006,

ORDERED that the March 8, 2006 Order of Magistrate Judge Hughes is AFFIRMED.

                                            s/ Anne E. Thompson
                                            ANNE E. THOMPSON, U.S.D.J.